IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TOMMY DAWSON,                  *

    Plaintiff,                  *

v.                                     *   CIVIL ACTION NO.: 96-C-3251-S

CENTRAL PUBLISHING COMPANY, INC. *

    Defendant.              *

**FILED** JUN 3 1998
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**ENTERED** JUN 4 1998

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff Tommy Dawson filed the Complaint in this action on December 16, 1996. On April 11, 1997, Defendant Central Publishing Company, Inc. filed its Answer to the Complaint.

2. The Rule 26 Parties' Planning Meeting was held on May 20, 1997, and this Court entered its Scheduling Order on May 31, 1997.

3. Counsel for the defendant filed a Motion to Withdraw and Leave to Allow Defendant Time to Acquire Counsel on June 23, 1997, which was granted by this Court on June 26, 1997. Since that time, no other counsel has made an appearance on behalf of the defendant, and the defendant has taken no action to defend this lawsuit.

4. A Pretrial Conference was held on February 26, 1998, but the defendant did not attend.

5. On March 4, 1998, the plaintiff served the defendant with Plaintiff's Request for Admission. To date, the defendant has made no reply. Pursuant to Federal Rules of Civil Procedure Rule 36, the matters stated in the Request are deemed to be admitted. Among the

matters admitted are all of the material allegations of the plaintiff's claim including the following facts.

6. Plaintiff is an African American male who was employed by the defendant as a part-time driver and warehouse worker from 1992 until his termination on May 16, 1995.

7. During the time Plaintiff worked for Defendant, he was the only black driver.

8. Plaintiff was informed by supervisory personnel of the defendant that he would become a permanent employee.

9. Plaintiff requested to be made a permanent employee on multiple occasions, but he was never given permanent status.

10. During Plaintiff's employment, white drivers were hired to work as full-time permanent employees.

11. Defendant provided drivers with a uniform bearing the company name.

12. Plaintiff was the only driver not provided a uniform.

13. Throughout the plaintiff's employment, his rate of pay was lower than white employees performing the same or similar job functions.

14. Plaintiff complained to Tom Tidmore, the Transportation Manager/Dispatcher, about the discrepancy in pay.

15. Defendants took no action to resolve the difference in pay.

16. On or about May 16, 1995, Plaintiff was terminated by Vice President, Gary Price, allegedly for violation of company policy.

17. White employees were not terminated for violation of the same policy and other, similar company polices.

18. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

19. Plaintiff timely filed his complaint within 90 days of the receipt of his Notice of Right to Sue and within two years of the discriminatory acts.

20. Plaintiff was discriminated against by the defendant because of his race in the terms, conditions and privileges of his employment, including promotions, pay, job assignments, working conditions and termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this civil action, the parties in this action and the subject matter of this action. Venue is appropriate in this judicial district.

2. Pursuant to Federal Rules of Civil Procedure Rule 36, this Court concludes that the Defendant has admitted the Request for Admission submitted by the plaintiff on March 4, 1998 by failing to answer within thirty days.

3. Plaintiff fulfilled all procedural prerequisites with the timely filing of his EEOC charge and the timely filing of this lawsuit.

4. Based upon the admissions of the defendant, this Court concludes that the defendant discriminated against the plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by 42 U.S.C. § 1981a and the Civil Rights Act of 1991.

5. Plaintiff was discriminated against in the terms, conditions and privileges of his employment, including promotions, pay, job assignments, working conditions and termination in

violation of Title VII of the Civil Rights Act of 1964, as amended.

6. The discrimination by the defendant denied plaintiff the right to make and enforce contracts as provided by 42 U.S.C. § 1981.

7. Based upon the admissions of the defendant and the conclusions of this Court, the plaintiff is entitled to default judgement.

ENTERED this __31__ day of June 1998.

United States District Judge
U. W. Clemon

4